## GREAT AMERICAN INDEMNITY CO. v. JORDAN.

### No. 4628.

Court of Civil Appeals of Texas. Texarkana. June 20, 1935.

Rehearing Denied June 27, 1935.

Turner, Rodgers & Winn and R. T. Bailey, all of Dallas, for appellant.

Houtchens & Houtchens and J. H. Craik, all of Fort Worth, and H. M. Harrington, of Longview, for appellee.

SELLERS, Justice.

This is an action under the Workmen's Compensation Laws of Texas (Vernon's Ann. Civ. St. art. 8306 et seq.). The suit was brought by H. Jordan against the Great American Indemnity Company to recover for personal injuries received by plaintiff while he was in the employment of the Central Commissary Company in Gregg county. The plaintiff, Jordan, at the time he received his injuries, was working as a cook; and while undertaking to remove from the stove a pot containing some hams that were cooking, the water in the pot boiled over and onto Jordan's chest and stomach, burning him considerably. Plaintiff further alleges that in an effort to prevent the pot from falling he strained himself, which strain produced what is known as hernia. That by virtue of the injuries received he is totally and permanently disabled within the purview of the statute. The court submitted the case to a jury upon special issues, and upon the jury's findings the court entered judgment in favor of the plaintiff against the defendant for the sum of $4,083.39. From this judgment the defendant has duly prosecuted this appeal.

The jury's findings will not support a recovery by appellee for a hernia injury, and appellee does not seek to support the judgment in his favor on such ground. The judgment of the court is predicated upon the following findings of the jury:

"No. 1: Did H. Jordan on or about the 24th day of March, 1931, sustain any injury, as the term injury is herein defined to you, while in the course of his employment with and for the Central Commissary Company in Gregg County, Texas?"

Answer: "Yes."

"No. 2: Was plaintiff Jordan toally disabled from the performance of labor as the term total disability is defined to you herein, as a proximate result of the injuries, if any, sustained by him on or about the 24th day of March, 1931?"

Answer: "Yes."

"No. 3: Will the injury sustained by the said Jordan, if any, upon the occasion in question and above inquired about, be permanent?"

Answer: "Yes."

The term "injury" is defined in the court's charge as follows: "The term 'injury' as used in this charge means damage or harm to the physical structure of the body and such diseases or infection as naturally result therefrom."

The term "total disability" is defined by the court as follows: "The term 'total disability' as used in this charge does not imply an absolute disability to perform any kind of labor, but a person disqualified

from performing the usual task of a workman in such a way to render him unable to procure and retain employment is regarded as being totally disabled."

It is the contention of the appellant that the above findings of the jury in the light of the definitions above set out will not support the judgment entered by the court, and for that reason the court erred in not granting it a new trial. We have concluded that this contention must be sustained. Since the opinion by the Supreme Court in Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084, the law has been settled that where a case is tried to a jury on special issues, unrequested and unsubmitted issues which constitute complete independent grounds of recovery cannot be deemed as found by the court in favor of the judgment. It will be observed that the jury has not found that the total disability sustained by the appellee is permanent, but, on the contrary, the finding of the jury is to the effect that the injuries sustained by the appellee are permanent. Injury and total disability, as defined in the court's charge, are, in our opinion, not synonymous terms so that they may be used interchangeably. Therefore there has been no finding by the jury that appellee's total disability is permanent. And if appellee's right to recover is dependent upon a favorable finding by the jury upon this issue, his judgment is without support in the jury's verdict. Article 8306, § 11a (Vernon's Ann. Civ. St.) provides:

"Sec. 11a. In cases of the following injuries, the incapacity shall conclusively be held to be total and permanent, to-wit:

"(1) The total and permanent loss of the sight of both eyes. * * *

"The above enumeration is not to be taken as exclusive but in all other cases the burden of proof shall be on the claimant to prove that his injuries have resulted in permanent, total incapacity."

The effect of this statute, in our opinion, in cases like this, where the injury complained of is not designated in the statute, is to place the burden on every claimant under the Workmen's Compensation Law to secure a finding by the jury that the injuries received resulted in total, permanent incapacity before such claimant is entitled to judgment by the court, and such an issue may not in any case be deemed found by the court in support of its judgment.

There are a number of other assignments of error which have been considered and are deemed without merit, or else they present questions which will not likely arise on another trial.

The judgment of the trial court is reversed, and the cause remanded.