**JEFFERSON STANDARD LIFE INS. CO.
v. LINDSEY et ux.**

No. 1446.

Court of Civil Appeals of Texas. Eastland.
April 17, 1936.

Rehearing Denied May 22, 1936.

Davidson, Doss & McMahon, of Abilene, for appellant.

Scarborough & Ely, of Abilene, for appellees.

LESLIE, Justice.

The Jefferson Standard Life Insurance Company filed this suit against C. R. Lindsey and wife to recover a debt evidenced by a note and to foreclose a lien on lots 11 and 12 in block 4 of the continuation of Alta Vista addition to the city of Abilene, Tex. The trial was before the court and jury, and upon the latter's answer to the single special issue submitted, judgment was ren-

·dered in favor of the plaintiff. From that judgment the plaintiff appeals and the defendants cross-assign errors. The particular phases of the judgment will be pointed out in the discussion of the assignments. Said lots were 50 feet wide and 140 feet deep, extending east and west, and C. R. Lindsey's residence homestead was on the west portion of the lots. In 1924, long after the homestead rights attached, Lindsey built a rent house on the east 40 feet of said lots, marking the east line with a fence, and thus segregating it from the remaining portions of lots 11 and 12 retained by him as his homestead.

Thereupon, Lindsey and wife executed a mechanics' lien on all of lots 11 and 12, for the purpose of building the rent house, costing $1,900, and to take up and extend a $2,100 debt and vendor's lien which existed at that time against lots 11 and 12. The two obligations were merged into one note of $4,000, and the Lindseys executed to the insurance company a deed of trust securing the same, and subrogated the company to the rights of the vendor's lien. The $4,000 was evidenced by four notes for $200 each, and the fifth for $3,200. They drew interest at 8 per cent. per annum, and the interest was evidenced by ten promissory notes that bore interest after maturity at 10 per cent. per annum. The $200 notes were paid approximately when due.

On the trial, Lindsey made the contention that in January or February, 1929, he instructed the insurance company to apply all payments made by him thereafter to that part of the debt ($2,100) representing a valid vendor's lien against his homestead. He concedes that the vendor's lien is valid against all of his property (lots 11 and 12), but contends that the mechanics' lien, purporting to be against the entire property, is void in so far as the homestead is concerned; that is, the west 100x100 feet of lots 11 and 12. Lindsey does not question the correctness of the court's judgment in so far as it invalidates the mechanics' lien against his homestead. The ascertainment of the remaining amount, if any, of the debt traceable to the vendor's lien and chargeable against the homestead is the primary issue before us.

The entire money judgment rendered by the trial court was for $2,876, and he fixed $585.40 of this amount to be the unpaid portion of the $2,100 vendor's lien indebtedness, and a foreclosure of the lien for the $585.40 was decreed against all of lots 11 and 12.

The insurance company insists the foreclosure against the homestead should be for $1,595.65. Lindsey contends that if the payments made by him had been properly applied, the entire vendor's lien debt would have been paid, and therefore no necessity for foreclosure against his present homestead. Neither litigant is satisfied with that part of the trial court's judgment granting foreclosure for $585.40, etc. Neither litigant explains, or undertakes to uphold, the judgment in this respect, and we are unable to determine from this record the method by which that court arrived at the sum of $585.40. The assignments will now be considered in their order.

The only issue submitted to the jury is as follows: "Do you find from a preponderance of the evidence that the defendant Lindsey in January or February, 1929, notified the plaintiff to apply defendant's future payments to the vendor's lien indebtedness owed by the defendant to the plaintiff? Answer yes or no." This was answered in the affirmative.

█ The appellant's first contention is that it should have had a new trial "because the verdict of the jury in answer to the special issue submitted is contrary to the overwhelming weight and preponderance of the evidence adduced on the trial of said cause." As we read the testimony, it is clearly conflicting upon the issue submitted, and is of such a nature that this court would not be warranted in disturbing the jury's finding thereon.

█ By a proposition under the second and third assignments of error the appellant makes the contention that since the four $200 notes matured and were paid prior to the time of the notice directing application of future payments, as found by the jury; and since such payments were pursuant to specific notices sent out by appellant to appellees as to the particular items such payments were to cover; and since such payments were made in response to such requests and were applied to the particular notes, the same being thus canceled, returned to appellees and accepted by them; and since the indebtedness secured by the said deed of trust was a merger of the $1900 mechanics' lien indebtedness and $2100 vendor's lien indebtedness, and said four notes, so paid, each carried its proportionate part of the items of indebtedness merged therein —the court erred in crediting all amounts paid in liquidation of said notes exclusively to the vendor's lien indebtedness. The ap-

pellees, by their second cross-assignment, make the opposite contention; that is, that "the court erred in failing and refusing to give the appellees credit for all payments made on the principal prior to 1929 on the vendor's lien." The brief of neither party demonstrates from the record the error asserted. The appellant prefaces his argument on the point thus: "At the outset, we wish to state that the appellant is not aware of the method of calculation used by the learned trial court in arriving at the balance of the vendor's lien indebtedness as found in the judgment." With this the point might well be overruled, but we have nevertheless studied the record in the light of the respective assignments, and as we interpret the same the sums paid and credited in discharge of the four $200 notes were by the mutual express intention of the parties paid and applied to the $4,000 indebtedness with the result that each of said payments carried its proportionate part of the two merged debts; that is, nineteen-fortieths to the $1,900 mechanics' lien, and twenty-one-fortieths to the $2,100 vendor's lien. The creditor (appellant) and the debtors (appellees) each knew the component elements of the $4,000 debt, and the proportion each was of the whole. They knew such proportion necessarily passed into the four $200 notes and the $3,200. The debtor was expressly notified of the due date of each note and the notice gave the "loan numbers," "due date," "interest," "principal," etc. Payments were made in direct response to such notices and credits for such items promptly given, the note marked paid, forwarded to debtor, and received as such. Further, and as found by the jury, it is significant that in January or February, 1929, appellee specifically notified appellant to apply his future payments to the vendor's lien debt. These four notes had been paid prior to that notice. Hence, the circumstances reflect an express mutual intention of debtor and creditor to apply the payment of each $200 note to the $4,000 debt, with the result above stated.

If the contract and such circumstances do not evidence an express intention of both parties to so apply said payments when they were made, then we are of the opinion that the intention of the appellant was expressed and that the appellee acquiesced therein so as to clearly imply the same intention. Rice v. Brown (Tex.Com.App.) 296 S.W. 495. Further, there is no contention that the appellee (debtor) undertook to direct the application of payments prior to January or February, 1929, and under the circumstances it would appear that those applications should be sustained as made by appellant (creditor) with acquiescence therein.

After a careful consideration of the record, we conclude that the trial court did not disturb the application thus made of the payments of the $200 notes to the $4,000 indebtedness, and divert same to the liquidation of the debt secured by the vendor's lien. The record conclusively sustains such action.

The fourth assignment attempts to predicate error on the application by the trial court of a payment of $124.16 (paid June 28, 1930) to the vendor's lien indebtedness, rather than crediting same to the interest on the merged obligations. Respecting this point the appellant states: "As hereinbefore stated, we can only assume that the trial court credited this check other than as directed." Again, the appellant confesses its inability to point out the trial court's error from the record, and we find nothing in the same any more enlightening. The assignment is overruled.

The fifth assignment is in principle the same as the fourth. It complains that the court erred in crediting a payment of $91.02 on the vendor's lien indebtedness. Presenting a meager statement under this assignment, the appellant observed: "As heretofore stated, we can only assume that the honorable trial court credited said item of $91.02 on the vendor's lien indebtedness. If so, it was clearly in error in doing so * * *." Neither the brief nor the record furnishes this court any definite information as to what disposition the trial court made, if any, of this purported payment of $91.02. It seems to have been regarded by the appellant as "reimbursing us for our advance of the 1930 and 1931 state and county taxes, * * *" etc. If there was any error in the court's action, whatever it was, the appellant does not make it manifest and the assignment is overruled.

■ The appellant's sixth contention is that the undisputed evidence shows that the appellant, for the purposes of protecting its indebtedness and lien, paid, under the authority of the deed of trust, taxes for the year 1931 in the amount of $152.56, and that the trial court erred in refusing to decree a foreclosure of the lien to the extent of such taxes paid. This assignment is in the same condition as the third, fourth, and fifth. The appellant is unable to demonstrate the error specified. Confessing the meagerness of the record on the point here raised, it

says: "We are unable to state with certainty that the taxes were not included in the judgment actually rendered in this cause. Certainly from the judgment itself it is not evident which items were included and which were not included." This assignment is overruled, but the appellant is entitled to a judgment against C. R. Lindsey for this $152.56, with foreclosure on the rent house property, along with other portions of the mechanics' lien obligation. The judgment will so provide.

■ In the course of the trial it appears that the appellees contended that by a certain check of date August 30, 1932, they made a $307 payment to appellant, and they supported the contention by an acknowledgment from the company purporting to apply $192 thereof to the principal and $115 to interest. An issue of payment pro tanto was thus presented. The appellant by very persuasive testimony contended that appellees' check was not paid when presented to the bank for payment and that it was charged back under date of September 14, 1932. We think the evidence pro and con presented a disputed issue of fact as to this payment. A plea of payment is defensive and the burden is upon the one asserting it to plead and prove it. Commerce Inv. Trust v. Smart et al., 123 Tex. 180, 67 S.W.(2d) 858, 69 S.W.(2d) 35. The mere giving of a check does not constitute payment. Friends in Need Society v. Peterson (Tex. Civ.App.) 9 S.W.(2d) 1110. The court did not submit the issue to the jury, and the appellees requested none. The issue was therefore waived. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.(2d) 1084; Great American Ind. Co. v. Jordan (Tex.Civ.App.) 85 S. W.(2d) 264.

Here, as in the preceding assignments, what disposition the court made of this $307 purported payment is not reflected by the record. Appellant does not point out how the trial court's computation disposes of the same.

■ The appellant by the eighth assignment makes the contention that it was incumbent upon the appellees to have the court submit the issue and obtain a favorable finding thereon as to the extent of ground reasonable and necessary for use in connection with the improvement (the rent house), erected pursuant to the mechanics' lien. We overrule this contention. In the instant case, the appellee built a fence and fixed the line of division between the portion of his original homestead which he intended to retain and that part (40x100 feet) which he purposed to abandon as part of his homestead, and upon which the rent house was thereafter built. From this and the other testimony we think the evidence conclusive that the appellees at the time the rent house was built abandoned as part of their homestead that portion of the lots east of the 40-foot line marked by the fence. This the Lindseys had a right to do. Atwood v. Guaranty Const. Co. (Tex.Com. App.) 63 S.W.(2d) 685; Starks v. National Bond & Mort. Corporation (Tex.Civ.App.) 85 S.W.(2d) 1056, 1057.

We conclude that there was no error in the judgment of the trial court segregating the 40x100 foot tract of land from the homestead and decreeing foreclosure thereon. The rent house and the specific portion of the lots occupied by it were devoted to a use wholly inconsistent with homestead use, and its abandonment as homestead property is definite. The eighth assignment is overruled.

■ In the ninth assignment the appellant contends that since the deed of trust in suit provided that the mortgagor keep the improvements upon the real estate insured for the use and benefit of the appellant, and since the appellees took out such insurance on the rent house and the same was thereafter destroyed by fire, and since the proceeds of the insurance policy were collected by the appellees and appropriated by them, the court in justice and in equity should have applied all payments made by the appellees theretofore to the liquidation of the mechanics' lien indebtedness ($1,900).

It is not made to appear from the record how the insurance company came to pay this insurance directly to the appellees. It may be that the appellees did not act in good faith in retaining the insurance money, but we find no authority that would warrant this, or the trial court, in thus fixing the amount of the insurance as a lien upon the homestead. To sustain the assignment would have that effect. It does not appear that the appellant took any steps to fix an equitable lien upon the money due under the policy. Kirkpatrick v. Great American Ins. Co. (Tex.Civ.App.) 299 S. W. 943; Connally & Co. v. Hopkins (Tex. Civ.App.) 195 S.W. 656; 24 Tex.Jur., p. 790, § 90. No error is here shown.

■ The trial court committed no error in declining to render a personal judgment for money against the defendant Alma Lindsey,

a married woman. The appellant's pleadings reflect C. R. Lindsey and Alma Lindsey were husband and wife at the time the obligation in suit was created, and that the contract is not one by which the statute (Vernon's Ann.Civ.St. art. 4613 et seq.) permits a married woman to bind herself. Shannon v. Childers (Tex.Civ.App.) 202 S.W. 1030; Beshears et al. v. Talbot (Tex. Civ.App.) 241 S.W. 635; Womack v. First Nat. Bank (Tex.Civ.App.) 81 S.W.(2d) 99; Gamel v. City Nat. Bank (Tex.Com.App.) 258 S.W. 1043; Sommer v. Kramer (Tex. Civ.App.) 67 S.W.(2d) 1078; Lewis v. Alexander, 51 Tex. 578.

■ By the eleventh and twelfth assignments of error, the appellant presents the further contentions: (1) That the court erred in the judgment rendered in his calculation fixing the respective amounts due upon the mechanics' lien and vendor's lien indebtedness respectively, and erroneously rendered judgment in accordance with such amounts. (2) That the judgment rendered failed to provide for proper interest, etc. These assignments definitely challenge the correctness of the amounts for which the judgment was rendered, and require a computation of the amounts due under the record presented. In a portion of the appellant's brief this statement is made: "It should accordingly be obvious to the court that the debt upon which the appellee directed the appellant to apply all payments made by him thereafter to the vendor's lien indebtedness subrogated is of primary importance to a proper determination of this case." We think this is a pertinent observation. The notice was given, as found by the jury, January or February, 1929. Prior to such notice such payments of principal and interest as were made passed proportionately to the merged debts, twenty-one-fortieths to the vendor's lien against the homestead and nineteen-fortieths to the $1900 mechanics' lien. As elsewhere held in this opinion, such payment is upheld as a mutual application by the parties. Devoting all payments, of whatever character, made after said notice to the discharge of the unpaid principal ($1,680) remaining as an original charge ($2,100) against the homestead, we find that all interest thereon was paid to January 1, 1932, and that on such date the principal had been decreased to $815.79. From this last date to the date of judgment the time is two years, eight months, and five days. The interest on said amount during said time at 8 per cent. per annum is $174.92. This plus the principal amounts to $990.71, to which an attorney's fee of $99.07 is added, resulting in an aggregate amount of $1,089.78. This we conclude was, at the time of the judgment, the total amount of the obligation traceable to the original vendor's lien indebtedness against all of lots 11 and 12, the original homestead.

At the time $1,680 became the unpaid balance of the $2,100 homestead debt, $1,520 also became the unpaid balance of the $1,900 mechanics' lien indebtedness. After said notice, the appellee never made any further payments on the $1,520 balance. The obligation in its merged form had come along until that time, interest being paid semiannually on July 1st and January 1st of each year. The interest on this $1,520 balance is calculated from July 1, 1928, to the date of the judgment, September 6, 1934. The time is six years, two months, and five days. Eight per cent. interest on the $1,520 for this period of time aggregates $751.55. This amount added to the above principal of $1,520 gives $2,271.55.

During the period of the loan, the appellant under the terms of the mortgage paid $152.56 taxes, which appellee should have paid. From the date of such payment, September 2, 1932, to date of judgment, September 6, 1934, the time is two years and four days. Ten per cent. interest as provided by the deed of trust on this $152.56 for said time amounts to $30.67, which added to the $152.56 aggregates $183.23 due at date of judgment for taxes and interest. This $183.23 added to the $2271.55 amounts to $2,454.78 at the date of judgment. A 10 per cent. attorney's fee of $245.47 added to the last sum gives $2,700.25, amount of mechanics' lien principal, interest, taxes, and attorney's fees at the date of judgment. Adding this amount, $2,700.25 (mechanics' lien) and the $1,089.78 (homestead vendor's lien), the sum is $3,790.03, for the full amount of which judgment should have been rendered against C. R. Lindsey for appellant, with interest thereon at 8 per cent. per annum from date until paid, but without personal judgment against Mrs. Alma Lindsey. The court should further have rendered a judgment against the defendants C. R. Lindsey and Alma Lindsey foreclosing deed of trust lien against all of said lots 11 and 12, block 4, to secure the payment of said sum of $1,089.78 with interest, etc. It was also proper that the trial court should decree that the plaintiff have a foreclosure of its lien against C. R. Lind-

sey and Alma Lindsey on the east 40 feet of the above-described lots to secure the payment of its entire judgment (here found to be $3,790.03), and the court correctly decreed further that said east 40 feet of said property be sold first and the proceeds of such sale applied first to the payment of the amount of $1,089.78, interest, etc. (the same being a charge against appellees' homestead), and the balance of the proceeds, if any, to the balance of said judgment.

The application of correct rules of law to the record before us leads to the conclusion thus announced. The judgment of the trial court will be reformed, and as reformed affirmed.