**ODEN et al. v. McADAMS et al.**

**No. 1912.**

Court of Civil Appeals of Texas. Waco.

Sept. 16, 1937.

Seale & Seale, of Centerville, for appellants.

Bennett & Bennett, of Normangee, for appellees.

GALLAGHER, Chief Justice.

This suit was instituted on January 6, 1936, by J. T. McAdams, L. B. McAdams, H. D. McAdams and L. R. McAdams, appellees herein, against Lee Thomason, sheriff of Leon county, Tex., in his official capacity, and appellants R. L. Oden, E. F. Oden, G. T. Rouse, A. E. Gormley, and B. F. Payne, in their official capacities as the board of directors and managers of Flynn State Bank, to enjoin the sale by said sheriff, under an execution issued on a judgment in favor of appellants against J. L. McAdams, of an undivided one-half interest in a tract of land containing 415 acres, situated in Leon county. Said tract of land, on and before the 13th day of May, 1921, was in part community property of J. L. McAdams and his wife, Jennie McAdams, and in part her separate property. On said day and date he conveyed the same to her by warranty deed. The consideration recited therein was $1 in hand paid and natural love and affection for her. Said deed was, thereafter, on January 10, 1922, duly filed for record. Appellee J. T. McAdams is a brother of said J. L. McAdams, and the other three appellees are sons of said J. L. and Jennie McAdams. On or about February 25, 1928, J. L. McAdams borrowed from Flynn State Bank the sum of $2,000 and executed his note therefor. Mrs. Jennie McAdams died February 4, 1929. J. L. McAdams, on April 21, 1931, borrowed from appellee J. T. McAdams the sum of $2,000, executed his note therefor, and secured the same by a deed of trust on an undivided one-half interest in the 415 acres of land involved in this suit. Appellants, on October 1, 1935, recovered judgment against J. L. McAdams on his note so held by them as aforesaid for the sum of $2,000, with interest from that date and costs of suit. Execution was issued on said judgment, and on November 18, 1935, levied by said sheriff on said interest in said land. J. L. McAdams and his three sons, on December 3, 1935, conveyed an undivided one-half interest in the land in controversy to J. T. McAdams in satisfac-

tion of said indebtedness which he held against J. L. McAdams, but with the agreement on his part to reconvey to them for like consideration. Other facts will be stated in connection with the discussion of the issues of law involved in this case.

The case was tried before the court without the intervention of a jury on May 1, 1936, and judgment rendered that a temporary injunction theretofore granted restraining the sale of said land under said execution be perpetuated against all parties defendant, save and except as to a one-third undivided life estate interest therein, which the court held J. L. McAdams had inherited from his wife at her death.

### Opinion.

■ The court found that all the right, title, and interest of J. L. McAdams in and to said tract of land passed by his said deed to his wife, Jennie McAdams, and on her death descended to her children, L. B. McAdams, H. D. McAdams, and L. R. McAdams, subject only to a life estate in a one-third interest therein in favor of said J. L. McAdams. Appellants present various propositions in which they assail the sufficiency of the evidence to sustain such findings. They contend in this connection that said deed was made with the intent on the part of the grantor therein to hinder, delay, and defraud his creditors, and that the grantee, Mrs. Jennie McAdams, held his said interest therein in trust for his use and benefit. J. L. McAdams testified affirmatively that he executed and delivered said deed to his wife in good faith for the purpose of vesting in her all his right, title, and interest in and to said land; that after such deed his wife controlled and looked after the place, with the aid of her three sons who resided thereon with her; that said land was rendered for taxes and the taxes paid thereon in her name from the date of said deed until her death. He further testified that his business required him to be absent from home a large part of the time both prior and subsequent to the execution and delivery of said deed; that he was afflicted with tuberculosis and advised he could live but a short time; that he felt that he wanted his wife to have full control of the property in event he passed away; and that his love and affection for her was the real consideration for said deed. He further testified that he did not at that time owe any local debts and that he owned $3,500 in vendor's lien notes on land near El Paso. His testimony with reference to the control and management of said property after he deeded the same to his wife was corroborated by the testimony of two of his sons. They also testified that, after the death of their mother, Mrs. McAdams, they and their brother, L. R. McAdams, controlled the property, cultivated part of the same, and rented part of the same to tenants; that they collected the rents, paid the taxes, and gave part of the rents to their father. They further testified that the deed of trust on an undivided one-half interest in said lands which their father gave to his brother, J. T. McAdams, to secure a $2,000 loan, hereinbefore recited, was given with their knowledge and consent. McAdams' debt to appellants was contracted approximately six years after his deed to his wife had been executed, delivered, and recorded. We fail to find anything in the evidence to justify their claim that said conveyance was fraudulent as to them. O'Neal v. Clymer (Tex.Civ.App.) 61 S.W. 545, par. 4.

■ There was no evidence of any agreement on the part of Mrs. McAdams to hold his interest in said land in trust for him. The testimony does show that in the year 1925 she joined her husband in executing a deed of trust on approximately one-half of said land, to secure an indebtedness of $1,100. Notwithstanding she was a married woman, she had a right to join her husband in encumbering her separate property to secure an indebtedness owed by him. J. L. McAdams, at the time he secured the original loan in 1928, signed a statement which he testified was prepared by appellants, in which he was recited to be the owner of these lands. He claimed, however, that he told them at the time that the title thereto was in his wife. There is no contention that Mrs. McAdams authorized such statement or that she knew that it had been made.

■ Appellants, in further rebuttal of the testimony of appellees' witnesses, introduced certain chattel mortgages containing recitals bearing on the ownership of said land. All of said mortgages were for comparatively small amounts. Two of them were executed by J. L. McAdams in 1933. One covered his interest in the crops on the same 215 acres upon which he and his wife had theretofore given a mortgage to said bank. The other covered his interest in the crops on the entire 415 acres. In both such instruments he asserted ownership of the lands described there-

in. Three of such mortgages were executed by H. D. McAdams in 1930, 1933, and 1934, respectively. Three of the same were executed by L. B. McAdams in 1933, 1935, and 1936, respectively, and one was executed by L. R. McAdams in 1935. All of said several mortgages covered various items of personal property and also certain crops planted or to be planted and grown during said respective years. Sometimes the crops were described as being grown on a limited number of acres and sometimes as being all the crops grown by the mortgagor on land belonging to J. L. McAdams or on the J. L. McAdams farm. The uncontradicted evidence showed that Mrs. McAdams' father gave her 90 acres of land and that the same was traded in as a part of the consideration for the land involved in this suit. If all the right, title, and interest of J. L. McAdams in said tract passed to his wife by his said deed to her, he nevertheless at her death inherited from her a life estate in an undivided one-third interest in said land, and he was at least joint owner thereof with his sons at the several times when each of said chattel mortgages was given. If said deed merely conveyed the legal title to his interest in said land to his wife, to be held by her in trust for him, then on her death at least an undivided one-half interest in the entire tract passed to her three children. In either event, the recitals in said several mortgages that the land belonged to him was palpably inaccurate. All said recitals were merely descriptive and were evidently intended to identify the land on which the crops were grown, and not to discriminate as between McAdams and his children as to the legal title thereto.

 The findings of the court which appellants assail are supported by affirmative testimony. Most of the circumstances relied upon by them to overcome such testimony are remote as to time and indefinite in application. We are not prepared to say that such findings are against the preponderance of the evidence. But mere preponderance of the evidence against a finding of the court or jury trying the case is not sufficient to justify the appellate court in setting the same aside. The general rule announced by our Supreme Court is that, in order to justify such action, it must appear that such finding is without any substantial support in the evidence, or that it is against such an overwhelming preponderance of the evidence as to indicate that the jury were influenced by improper motives,

or that manifest injustice has been done or that the same is clearly wrong. Houston & T. C. Ry. Co. v. Lee, 69 Tex. 556, 560, 7 S.W. 324; Gulf, C. & S. F. Ry. Co. v. Fossett, 66 Tex. 338, 339, 1 S.W. 259; Waggoner v. Tinney, 102 Tex. 254, 259, 115 S.W. 1155; Gulf, C. & S. F. Ry. Co. v. Mangham, 29 Tex.Civ.App. 486, 69 S.W. 80, par. 1 (writ refused); St. Louis S.W. Ry. Co. v. Smith, 30 Tex.Civ.App. 336, 70 S.W. 789, par. 1 (writ refused); Baker v. Grace (Tex.Civ.App.) 213 S.W. 299, par. 4 (writ refused); Nations v. Miller (Tex. Civ.App.) 212 S.W. 742, par. 1; Selz, Schwab & Co. v. Shipman (Tex.Civ.App.) 230 S.W. 842, 843, par. 4, and authorities there cited; Universal Life & Accident Ins. Co. v. Nanes (Tex.Civ.App.) 92 S.W. (2d) 473, 475, pars. 6, 7 and 8, and authorities there cited; Jefferson Standard Life Ins. Co. v. Lindsey (Tex.Civ.App.) 94 S.W. (2d) 549, 550, par. 1.

The judgment of the trial court is affirmed.