NICKEL et al. v. NICKEL et al.
No. 10523.

Court of Civil Appeals of Texas.
San Antonio.

June 14, 1939.

Rehearing Denied July 19, 1939.

E. L. Dunlap, of Victoria, for appellants.

J. W. Ragsdale, of Victoria, and H. W. Wallace, of Cuero, for appellees.

SLATTON, Justice.

Mrs. Annie Nickel died January 19, 1937. A written will was offered for probate in the County Court of Victoria County. The probate of said will was contested in that Court by some of the deceased's children. The will was admitted to probate and contestants appealed to the District Court of Victoria County. A jury trial resulted in a verdict:

(a) That deceased had mental capacity to make the will.

(b) That the will was the result of undue influence exercised upon testatrix.

The judgment denied probate of the will, which was certified to the Probate Court for its observance. Proponents of the will bring the case to this Court by appeal upon one assignment of error, viz.: That the finding of the jury that the execution of the will of Mrs. Annie Nickel was procured through undue influence exerted upon testatrix by Mary Nickel, Frank Nickel and Emmitt Nickel, or either of them, was contrary to the great weight and preponderance of the evidence.

Rule 24 for the Courts of Civil Appeals, as amended, 99 S.W.2d xxix, is as follows: "The assignment of error must distinctly specify the grounds of error relied on and distinctly set forth in the motion for new trial in the cause and (except in those cases wherein a motion for new trial is not required under amended Rule 71-a for the District and County Courts) a ground of error not distinctly set forth in a motion for a new trial in the cause and not distinctly specified in reference to that which is shown in the record or not specified at all, shall be considered as waived, unless it be so fundamental that the court would act upon it without an assignment of error as mentioned in Rule 23."

We have carefully read the motion for a new trial filed in the trial court by the appellants and find no such assignment of error as the one here sought to be urged contained therein. Under the above quoted rule, we have no authority to consider such an assignment unless the same be fundamental error.

In 3 Tex.Jur., § 579, p. 821, it is said: "It is settled that a want or sufficiency of evidence to support a judgment is not such fundamental error as may be considered on appeal in the absence of a proper assignment of error, since it would involve a search through the statement of facts to verify the contention of a lack of evidence to support the judgment."

Clearly, the assignment of error sought to be urged in this Court would require a search of the entire record to verify the contention that the judgment is against the weight and preponderance of the evidence.

The judgment of the trial court is affirmed.

On Motion for Rehearing.

Counsel for appellants has filed an able motion for rehearing in which it is insisted that the assignments contained in the motion for a new trial were sufficiently broad in their scope to include the assignment urged in this Court. We disagree with this contention.

However, if we are in error in the above holding, the assignment here presented is without merit. There is substantial evidence to support the finding of the jury to the effect that the will was the result of undue influence exercised upon the testatrix. We are not prepared to say that such finding is against the preponderance of the evidence. Even so it is not sufficient to justify an appellate court in setting the finding aside. In order to justify an appellate court in setting aside the finding of a jury, it must appear that such finding is without any substantial support in the evidence, or that it is against such an overwhelming preponderance of the evidence as to indicate that the jury were influenced by improper motives, or that manifest injustice has been done, or that the same is clearly wrong. Oden et al., v. McAdams et al., Tex.Civ.App., 108 S.W.2d 920.

The motion is overruled.