## KERR v. FOLSE.

### No. 5542.

Court of Civil Appeals of Texas. Texarkana.

Feb. 15, 1940.

Reg L. Jones, of Henderson, for appellant.

Joe C. Gladney and R. B. Stephen, both of Henderson, for appellee.

WILLIAMS, Justice.

Roy G. Folse sued D. W. Kerr for dissolution of an alleged partnership existing between them, for an accounting and judgment for one-half the net value of the assets. The court has filed findings of fact and conclusions of law. The court found that these parties entered into a partnership agreement under which Kerr was to furnish the necessary capital to construct a building and equip and stock it as a drug store, and Folse to manage and operate same; the profits to be divided evenly, and when Kerr's one-half of the profits amount-ed to the sum advanced by him in the installation of said business, Folse to become owner of one-half the assets. The court further found that Kerr advanced the necessary funds; Folse operated the business until Kerr caused him to close the store, at which time Kerr took same over; that the assets at such time were of the value of $1,400, charged with partnership debts $442. The above findings are not assailed.

The court further found that Kerr advanced $2,116.73 in the installation of said business and had received as his part of the profits before the store closed the sum of· $2,550, which was in excess of the amount originally advanced. The partnership was dissolved and Folse awarded judgment for $479, being one-half the net assets.

Under Kerr's first two propositions he attacks the last two findings of fact, contending that the undisputed evidence shows the amount of money advanced by him was $3,116.73; and the amount received by him out of the profits amounted to $1,559.-50. And under his third proposition he asserts that not. having been reimbursed in the amount of his advancements, Folse is not entitled to recover. This in its final analysis rests upon questions of fact involved in the former propositions.

It appears from the evidence that after Kerr advanced the initial capital in the sum of $2,116.73, he also paid deferred monthly installments on a soda fountain, totaling $990.50, plus a small amount of interest. These two items aggregate approximately the $3,116.73 contended for. On the other hand, the evidence shows that Kerr received and indorsed checks issued by the partnership in the total sum of $4,000. Of this sum Kerr claims checks to the amount of $770.75 were in repayment of a loan he had made to the partnership. There is some controversy over this item. If Kerr's contention be granted that $770.75 was in repayment of a`loan, and if he is allowed the further sum of $990.50 for payments on the fountain, these two items when subtracted from the $4,000 would still leave a balance in excess of the initial capital he invested, which he had received back. From above observations, without going into the question of bookkeeping used by the court or detailing further evidence, we would not be justified in disturbing the findings of the court where there is some evi-

dence to support same. Burnette v. Bassett, Tex.Civ.App. 117 S.W.2d 483; Oden v. McAdams, Tex.Civ.App., 108 S.W.2d 920; 3 Tex.Jur. p. 1102.

The judgment is affirmed.